# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE F. ALVES, DENISE G. ALVES, ANDREA LEE THOMAS, and SANDRA P. EVANS, Plaintiffs, | § § § § § | |
| v. | § | CIVIL ACTION NO. H-07-0986 |
| CONOCOPHILLIPS CO., *et al.*, Defendants. | § § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Summary Judgment ("Motion") [Doc. # 33] and Memorandum in Support [Doc. # 34] jointly filed by Defendants ConocoPhillips Company ("ConocoPhillips") and Nippon Oil Exploration (Texas), L.P. ("Nippon"). Upon order of the Court [Doc. # 35], Plaintiffs Maurice F. Alves, Denise G. Alves, Andrea Lee Thomas, and Sandra P. Evans have responded [Doc. # 36]. Having reviewed the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Defendants' Motion for Summary Judgment should be **granted**.

## I. BACKGROUND

### A. Factual Background

Plaintiffs are heirs to the intestate estate of Eunice Audrey Hutton Davis Alves,

which they claim includes several acres of land in Ft. Bend County, Texas and mineral interests associated with that land. Plaintiffs allege that ConocoPhillips and Nippon have wrongfully extracted oil and natural gas from the land without making payments to Plaintiffs. They have brought suit against ConocoPhillips and Nippon for negligence, trespass, and unjust enrichment and seek $15,000,000 in damages.[1]

### B. Procedural Background

Plaintiffs originally filed suit in December 2006 in the McAllen Division of the Southern District of Texas. Defendants subsequently filed a motion to transfer venue to the Houston Division. After Plaintiffs failed to respond, the Honorable Randy Crane granted the motion.

Upon transfer to this Court, a Scheduling Order was entered on May 18, 2007. The Court, *inter alia*, set October 15, 2007—later extended by agreement to November 14, 2007—as the deadline for Plaintiffs to submit their expert reports and set December 14, 2007 as the discovery deadline. In advance of the January 16, 2008 deadline for filing dispositive motions, Defendants filed the pending motion for summary judgment. In the motion, Defendants explain that, despite their proper requests, Plaintiffs have failed to provide any evidence of their ownership of the land

---

[1] Plaintiffs also brings these claims against the two gas units encompassing the land at issue and five hundred "John Does." *See* Amended Complaint [Doc. # 29].

or mineral rights allegedly at issue in this case.[2]  Instead, Plaintiffs have stated their desire to rely on expert witness testimony to establish their rights.  However, Plaintiffs have yet to designate any experts or serve related reports and the November 14, 2007 deadline has long passed.

After Plaintiffs failed to respond to Defendants' Motion for Summary Judgment, this Court ordered Plaintiffs to file, by February 14, 2008, a response, which was to include admissible evidence of Plaintiffs' ownership of the land and interests at issue in this case.[3]  Plaintiffs responded by providing the Court with no argument, but submitted several unauthenticated documents which they claim "provide[] at a minimum a scintilla of evidence in support of [their] claims."[4]  Plaintiffs further have offered an affidavit from their counsel stating that experts have

---

[2]  Specifically, in response to Defendants' interrogatory request that Plaintiffs provide a "[l]egal description of any and all oil, gas, and/or mineral interests owned by [each] Plaintiff within the geographic boundaries" of the two Gas Units identified by Plaintiffs in their Complaint, Plaintiffs responded:

> Objection.  This interrogatory is compound, overbroad, and vague.  Further, this Interrogatory asks for information which is outside the personal knowledge of this Responding Party and which may call for a legal conclusion.  Responding Party will rely on the opinions of experts to resolve these questions.  Responding Party is unable to respond to this Interrogatory as phrased.

*See* Defendants' Memorandum in Support of their Motion for Summary Judgment ("Memorandum in Support") [Doc. # 34], Exh. A: "Plaintiffs' Responses to Defendants' First Set of Interrogatories," at 4.

[3]  *See* Order of February 5, 2008 [Doc. # 35].

[4]  *See* Response to Defendants Motion for Summary Judgment ("Response") [Doc. # 36], ¶ 2.

only recently been retained and that no expert services have yet been provided.[5]

## II.  LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

---

[5]   *Id.*, Exh. 1: "Affidavit of Attorney James R. Dowell," ¶ 3.

The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the non-moving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak*, 953 F.2d at 913). However, if the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both

parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence).  Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden, *see Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998), which requires a showing of more than a mere "scintilla" of evidence.  *See Little,* 37 F.3d at 1075 (citing *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994)).  Instead, the non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case."  *Morris*, 144 F.3d at 380.  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the non-movant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's

opposition to summary judgment." *See id.* (internal citations and quotations omitted); *see also De la O v. Hous. Auth. of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005).

### III.   ANALYSIS

Plaintiffs have alleged three causes of action, each of which depends foremost on proof of Plaintiffs' ownership of the land and interests they assert Defendants have violated: Plaintiffs' negligence claim is premised on their assertion that Defendants breached their duties "not to encroach on [Plaintiffs' property]," to "refrain from extracting minerals and gasses from [that property]," and to "pay [Plaintiffs] . . . the proper value of the mineral and gases . . . extracted."[6] Plaintiffs' trespass claim alleges that Defendants "entered" Plaintiffs' property and removed oil and gas without permission.[7] Finally, Plaintiffs' unjust enrichment claim is premised on their assertion that Defendants "obtained money and other things of value from [Plaintiffs' property] without . . . permission."[8] Plaintiffs have failed to raise a genuine issue of material fact whether Defendants have infringed any of their rights.

In arguing for summary judgment, Defendants have provided authenticated

---

[6]   *See* Amended Complaint [Doc. # 29], ¶ 19.

[7]   *See id.* ¶ 23.

[8]   *See id.* ¶ 26.

documents and expert witness affidavits establishing that none of the mineral interests allegedly owned by Plaintiffs have been leased by Defendants, despite Defendants' attempts to do so.[9]  Further, Defendants have presented persuasive evidence that none of their oil or gas wells are located on land allegedly owned by Plaintiffs.[10]  This evidence is entirely uncontroverted.

Plaintiffs rely on many of these same documents,[11] but fail to provide any explanation as to how they demonstrate Plaintiffs' ownership of the land or interests they claim Defendants have infringed.  As noted above, it is not the role of the Court "to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Malacara*, 353 F.3d at 405; *see also De la O v. Hous. Auth. of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))).  The purpose of Federal Rule of Civil Procedure 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of

---

[9]  *See* Memorandum in Support [Doc. # 34], Exh. B: "Affidavit of Kent Crawford," ¶ 5; Exh. B-2: "Lease Offer from ConocoPhillips."

[10]  Defendants point out that because "Plaintiffs have failed to identify the relevant tracts [of land] in discovery, Defendants rely on the descriptions contained in their prior communications" in responding to Plaintiffs' claims  *See* "Memorandum in Support") [Doc. # 34], at 4 n.1.  Plaintiffs, in their Response, do not dispute Defendants' characterization of the land and interests at issue.

[11]  None of Plaintiffs' exhibits are authenticated.

litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Plaintiffs' offer to produce admissible evidence at some later date[12] is insufficient to overcome a motion for summary judgment at this late stage in this case. *See Little*, 37 F.3d at 1075 ("[I]n the absence of any proof, [the Court need not] assume that the nonmoving party could or would prove the necessary facts."). Accordingly, Defendants are entitled to summary judgment.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that ConocoPhillips Company and Nippon Oil Exploration (Texas), L.P.'s Motion for Summary Judgment [Doc. # 33] is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

A separate final judgment will be entered.

SIGNED at Houston, Texas, this 19th day of **February, 2008**.

_____
Nancy F. Atlas
United States District Judge

---

[12]   *See* Response [Doc. # 36], Exh. 1: "Affidavit of Attorney James R. Dowell," ¶ 5.